IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARIUS NIGEL SAULS, #917032, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2157-K |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Clements Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening.

Statement of Case: Petitioner was charged in the 204th Judicial District Court of Dallas County, Texas, with the following offenses: burglary of a building, aggravated assault of a public servant, and taking a weapon from a peace officer. *See* Nos. F99-51253-VQ, F99-51254-WQ, and F99-51255-UQ. In a consolidated jury trial Petitioner pled guilty to the burglary

charge, and the jury found him guilty of the remaining two charges. The jury then assessed punishment at twenty years and eight years imprisonment, respectively, in the aggravated assault and burglary cases, and at two years confinement in the State Jail Division in the taking a weapon case. (Petition (Pet.) at 2). Petitioner appealed. (Id. at 3). On April 23, 2001, the Fifth District Court of Appeals affirmed his convictions and sentences. *Sauls v. State*, Nos. 05-00-0538-CR, 05-00-0539-CR, and 05-00-0638-CR (Tex. App. 2001, no pet.).[1]

On August 2, 2002, Petitioner filed in the convicting court three state applications for writ of habeas corpus, pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging the convictions at issue in this case.[2] On March 26, 2003, the Texas Court of Criminal Appeals (TCCA) denied the applications without written order on the trial court's findings without a hearing. *Ex parte Sauls*, Nos. WR-54,986-01 through 03, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=215001, 215124 and 215125.

In his federal petition, filed on November 21, 2006, Petitioner alleges ineffective assistance of counsel on appeal. (Pet. at 7).[3]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

---

[1] The docket sheet is available at the following link: http://www.courtstuff.com/FILES/05/00/05000538.HTM.

[2] The Judicial Information for the art. 11.07 writs is available at the following link: http://www.dallascounty.org/parts2/criminalSearch.html.

[3] For purposes of this recommendation, the petition is deemed filed on November 15, 2006, the date Petitioner signed the same and purportedly placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

corpus relief.  See 28 U.S.C. § 2244(d).  The court may raise the affirmative defense of the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's convictions became final on Friday May 23, 2001, thirty days after the Court

of Appeals affirmed the judgments of conviction. *See* TEX. R. APP. P. 68.2(a) (Effective September 1, 1997). The one-year period began to run on May 24, 2001, the day after his convictions became final, and expired one year later on May 23, 2002. Petitioner did not file this federal habeas petition until November 15, 2006, almost four and one-half years after the running of the one-year limitations period. Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, *see Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas applications were not pending in state court during the one-year limitations period. As noted above, Petitioner did not file his state applications until August 2, 2002, 71 days after the expiration of the one-year period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (art. 11.07 application filed after limitations period had expired did not toll limitations period).[4] Therefore, the federal petition is clearly untimely absent equitable tolling.

In order to allow Petitioner an opportunity to show whether equitable tolling should apply in his case, the Court filed an order on December 1, 2006, requesting him to show cause why his petition should not be dismissed as time barred. As of the date of this recommendation, Petitioner has not responded to the show cause order.

Nevertheless his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*,

---

[4] Even if the 11.07 writs were filed on July 11, 2002, as Petitioner alleges (*see* Pet. at 3 ¶ 11), they were not pending in state court during the one-year period.

177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). He not only delayed the filing of his art. 11.07 applications by 71 days after the expiration of the one-year period, but he also waited more than three and one-half years following the denial of his art. 11.07 applications, before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS the habeas corpus petition as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 20th day of February, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.